# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY GREMO,<br><br>       Plaintiff,<br><br>   v.<br><br>BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE PHARMACEUTICALS, INC., GE HEALTHCARE, INC, GENERAL ELECTRIC COMPANY, MALLINCKRODT, INC., MALLINCKRODT LLC, GUERBERT LLC, LIEBEL-FLARSHEIM COMPANY LLC, AMERISOURCE BERGEN CORPORATION, and AMERISOURCE BERGEN DRUG CORPORATION<br><br>       Defendants. | CASE NO. 1:19-cv-13432-NLH-AMD<br><br>**Motion Date: October 21, 2019** |

## DEFENDANTS AMERISOURCEBERGEN CORPORATION AND AMERISOURCEBERGEN DRUG CORPORATION'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation (collectively, "AmerisourceBergen"), by and through undersigned counsel, respectfully submit this Reply in Support of Their Motion to Dismiss Plaintiff's Amended Complaint. For the reasons set forth herein, as well as in

AmerisourceBergen's original moving papers, Plaintiff's Amended Complaint should be dismissed.[1]

## I. SELLER IMMUNITY MAY BE ANALYZED AND DECIDED AT THE MOTION-TO-DISMISS STAGE.

Relying on *Fidelity and Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441 (D.N.J. 2013), Plaintiff argues that AmerisourceBergen's "seller immunity argument should be addressed at [the] summary judgment phase." Pl. Opp. at 4. But the facts underlying that case were entirely distinct. In *Fidelity*, the defendant did not submit the required statutory affidavit, and referenced evidence relating to only two of the four statutory exceptions. *See* 936 F. Supp. 2d at 453-54. Accordingly, the Court held that the defendant did not meet its burden in its motion to dismiss, but noted that the defendant "is free to raise this issue with the Court at a later stage of these proceedings by way of a motion for summary judgment." *Id.* at 454.

In contrast, AmerisourceBergen satisfied all of the requirements for immunity enumerated by N.J.S.A. 2A:58C-9. AmerisourceBergen provided this Court and Plaintiff with a specific affidavit certifying that it has at no time engaged in or exercised control over the research, development, design, testing, licensing, labeling,

---

[1] AmerisourceBergen also joins in and adopts the arguments and law presented in Defendants' Mallinckrodt Inc. and Mallinckrodt LLC's ("Mallinckrodt") Reply in Support of Their Motion to Dismiss.

marketing, manufacturing, or packaging of OptiMARK™, the product at issue in this case. Def. Mot., Ex. A, Vietri Aff. at ¶¶ 3-5; N.J.S.A. § 2A:58C-9. Instead, AmerisourceBergen received the finished, packaged, and labeled product from its manufacturer, Mallinckrodt. Ex. A, Vietri Aff. at ¶ 4. After receipt of the finished, packaged, and labeled product from Mallinckrodt, AmerisourceBergen, distributed OptiMARK™ to commercial purchasers throughout the United States. **Ex. A**, Vietri Aff. at ¶ 4. The affidavit further certifies that AmerisourceBergen did not ever and does not currently engage in any activity with respect to OptiMARK™, or any other GBCA at issue in this case, that would cause it to know of or cause the defects that Plaintiff alleges. *Id.* at ¶¶ 7-8.

Because AmerisourceBergen has provided sufficient proof that it is not subject to liability under any of the statutory exceptions to seller immunity, Plaintiff's claims against AmerisourceBergen must be dismissed at this juncture of the case. Allowing Plaintiff to proceed with discovery against AmerisourceBergen in spite of the clear evidence put forth in AmerisourceBergen's affidavit contravenes the very purpose of N.J.S.A. § 2A:58C-9. *See Fidelity*, 936 F. Supp. 2d at 453 ("[T]he underlying purpose of Section 2A:58C-9 is to reduce litigation costs borne by innocent retailers in product liability actions.") (citing *Claypotch v. Heller, Inc.*, 823 A.2d 844, 851 (2003)).

## II. PLAINTIFF'S CLAIM FOR BREACH OF EXPRESS WARRANTY INDEPENDENTLY FAILS FOR LACK OF PRE-SUIT NOTICE AND FAILURE TO IDENTIFY NECESSARY FACTS REGARDING THE PURPORTED WARRANTY

Plaintiff's claim for breach of express warranty independently fails because, as noted in Mallinckrodt's Motion to Dismiss which AmerisourceBergen joined, Plaintiff does not allege that she provided pre-suit notice of her claim, as required by New Jersey Law.[2] *See* Am. Compl. ¶¶ 206-211; *see also* N.J.S.A. § 12A:2-607(3)(a) ("Where a tender has been accepted […] the buyer must within a reasonable time after [s]he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."); *Hammer v. Vital Pharms., Inc.*, No. 11-4124, 2012 WL 1018842, at *10-11 (D.N.J. Mar. 26, 2012) (dismissing express and implied warranty claims where plaintiff failed to "plead that he provided the pre-litigation notice of breach," and confirming that based on section 12A:2-607(3)(a), the provision of such notice "is a condition precedent to filing any suit for breach of warranty"). Because Plaintiff failed to provide the requisite notice, Plaintiff's claims against AmerisourceBergen for breach of express warranty must be dismissed.

---

[2] In her Response to Mallinckrodt's Motion to Dismiss, Plaintiff argues that pre-suit notice is not required for a breach of express warranty claim against a remote manufacturer. Pl. Opp. to Mall. Mot. at 20. However, AmerisourceBergen is not a remote manufacturer. In contrast, AmerisourceBergen is alleged to have been the immediate seller of the product at issue in this case.

4

In addition, Plaintiff's warranty claim is insufficiently pled. Plaintiff's allegation is devoid of even the most basic information concerning the purported warranty – i.e., who made the warranty; when was it made; where and in what form was it made; and under what circumstances the warranty was made. *See* Am. Compl. ¶¶ 206-211. Such plainly insufficient pleading cannot sustain her claim. *See, e.g., Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 602 (D.N.J. 2015) (dismiss plaintiff's warranty claim as "boilerplate" and noting that "[w]ho said what to whom, where, when, and how are left unexpressed. There is no factual allegation in the Complaint that Sanofi ever made any identifiable, unapproved statements to [plaintiff] or her physician regarding the safety, effectiveness or proper applications of Sculptra."). Accordingly, there is an independent basis upon which Plaintiff's breach of express warranty claim must be dismissed.

### III.   CONCLUSION

For the foregoing reasons, AmerisourceBergen respectfully requests that this Court dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).

Dated: October 15, 2019                    Respectfully submitted,


By:  */s/ Erin Leffler*
Erin (Loucks) Leffler (NJ Bar No. 034092006)
SHOOK, HARDY & BACON L.L.P.
Two Commerce Square
2001 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone:  (215) 278-2555
Fax:  (215) 278-2594
eleffler@shb.com


Devin K. Ross
Robert T. Adams
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 421-5547
Fax: (816) 421-5547
dkross@shb.com
rtadams@shb.com
*Pro Hac Vice*


**COUNSEL FOR DEFENDANTS AMERISOURCEBERGEN CORPORATION AND AMERISOURCEBERGEN DRUG CORPORATION**