UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
KIMBERLY GREMO,
                                   1:19-cv-13432-NLH-AMD
         Plaintiff,

    v.                             OPINION

BAYER CORPORATION, BAYER
HEALTHCARE LLC, BAYER
HEALTHCARE PHARMACEUTICALS,
INC., GE HEALTHCARE, INC.,
GENERAL ELECTRIC COMPANY,
MALLINCKRODT, INC.,
MALLINCKRODT LLC, GUERBERT
LLC, LIEBEL-FLARSHEIM COMPANY
LLC, AMERISOURCE BERGEN
CORPORATION, AMERISOURCE
BERGEN DRUG CORPORATION,

         Defendants.
```

**APPEARANCES**:

DEREK BRASLOW
KETTERER BROWNE & ANDERSON
11130 SUNRISE VALLEY DRIVE, SUITE 140
RESTON, VA 20190

T. MATTHEW LECKMAN, *pro hac vice*
LITTLEPAGE BOOTH LECKMAN
1912 W. MAIN ST.
HOUSTON, TX 77098

   *On behalf of Plaintiff*

JENNIFER GREENBLATT, *pro hac vice*
EDWARD DUMOULIN, *pro hac vice*
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
564 W. RANDOLPH ST., STE. 400
CHICAGO, IL 60661

WILFRED P. CORONATO
MCCARTER & ENGLISH LLP
FOUR GATEWAY CENTER 100 MULBERRY ST.
NEWARK, NJ 07102

> *On behalf of Defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc.*

**HILLMAN, District Judge**

This matter concerns FDA-approved gadolinium-based contrast agents ("GBCAs") administered intravenously by medical professionals to enhance the quality of magnetic resonance imaging ("MRI"). The MRIs are used to diagnose serious conditions, such as cancer, strokes and aneurysms. Plaintiff, Kimberly Gremo, claims that Defendants' GBCAs caused her "gadolinium toxicity, or Gadolinium Deposition Disease (GDD), as characterized by a multitude of symptoms," including "skin issues including rashes," "teeth issues including darkened teeth and spots," "brain fog and memory loss," and "loss of smell."

The Bayer Defendants (hereinafter "Bayer") removed Plaintiff's complaint, originally filed in New Jersey Superior Court, Law Division, Atlantic County, to this Court, with the consent of all other named Defendants. (Docket No. 1 at 16.) Bayer removed Plaintiff's complaint pursuant to 28 U.S.C. § 1442(a), which allows for removal of claims against a federal officer, as well as 28 U.S.C. § 1331 which allows the removal of claims based on federal law.

Title 28, U.S.C. § 1442(a) authorizes removal for suits

2

against a "person acting under [an] officer[] of the United States or of any agency thereof . . . for or relating to an[] act under color of such office." Bayer contends that Plaintiff's case meets the elements necessary for removal under that statute because: (1) Bayer is a "person" within the meaning of the statute; (2) Plaintiff's claims are based upon Bayer's conduct "acting under" the United States, its agencies, or its officers; (3) Plaintiff's claims against Bayer are "for, or relating to" an act under color of federal office; and (4) Bayer raises a colorable federal defense to Plaintiff's claims. More specifically, Bayer contends that § 1442(a) applies because Plaintiff alleges that Bayer worked under FDA advisory committees on subjects related to the warning label for Magnevist, Bayer's GBCA product, and because Plaintiff alleges a conspiracy between Bayer and the FDA to conceal known safety information from the public.

Second, Bayer invokes 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Bayer contends that Plaintiff asserts claims based on federal law, even though Plaintiff does not cite to specific federal laws in her complaint. Bayer further contends that her related state law claims arise out of the same set of facts, thus satisfying this Court's exercise of supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff has moved to remand. Plaintiff argues that Bayer

3

does not meet the elements of 28 U.S.C. § 1442(a).  Plaintiff also argues that she raises only state law claims, none of which requires the resolution of a federal issue or question for adjudication.

Federal courts are courts of limited jurisdiction which possess "only that power authorized by Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citing Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992)); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  It is presumed that a cause of action lies outside of this limited jurisdiction and this presumption places a burden upon the removing party to establish federal jurisdiction.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1991).

The federal removal statute permits a defendant to remove a civil action from state court to the district court when the district court has original jurisdiction over the action and the district court geographically encompasses the state court where the action was originally filed.  28 U.S.C. § 1441(a).  Once the case has been removed, however, the court may nonetheless remand it to state court if the removal was procedurally defective or "subject matter jurisdiction is lacking."  28 U.S.C. § 1447(c); Costa v. Verizon N.J., Inc., 936 F. Supp. 2d 455, 458 (D.N.J.

4

2013).  The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Boyer, 913 F.2d at 111 (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Section 1331 of Title 28 of the United States Code provides the district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Generally, "determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule."  Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1983)).  Under this rule, subject-matter jurisdiction as described under 28 U.S.C. § 1331 may only be exercised when a federal question is presented on the face of the complaint.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002) (quoting Caterpillar, 482 U.S. at 398-99) (explaining that because the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, . . . to have the cause

heard in state court").[1]

"[T]he party who brings the suit is master to decide what law he will rely upon," but "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Franchise Tax Bd., 1 463 U.S. at 22 (citations omitted). "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Id. at 27-28.

Here, this Court may properly exercise subject matter jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law

---

[1] There is an exception to the well-pleaded complaint rule "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Ben. Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). This exception exists because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Id. at 8. Bayer presents a complete preemption argument in its brief. Having determined that plaintiff asserts a federal claim under the well-pleaded complaint rule the Court need not address this issue.

claims under 28 U.S.C. § 1367.[2]  Plaintiff's complaint provides, "Upon information and belief, the Defendants have or may have failed to comply with all federal standards and requirements applicable to the sale of GBCAs including, but not limited to, violations of various sections and subsections of the United States Code and the Code of Federal Regulations."  (Pl. Compl., Docket No. 1 at 38, ¶ 126.)

Elaborating on this assertion, Plaintiff claims that "notwithstanding the overwhelming evidence of causal association between GBCAs and NSF [renal impairment called nephrogenic systemic fibrosis], the FDA [Food and Drug Administration] and the GBCA industry have cast the issue of retention as separate from the medical community's experience with NSF, coming short of acknowledging any untoward health effects from gadolinium retention in non-renal patients," and "to date, the FDA and the GBCA industry have refused to acknowledge that GBCAs can cause NSF in renal patients but also can cause, in non-renal patients, a variety of NSF-like injuries and symptoms along a continuum, ranging from minor to severe."  (Id. at 36, ¶¶ 120-21.)

Thus, on the face of Plaintiff's complaint, over which she is the "master," she has raised claims arising under the laws of

---

[2] Because there is no diversity of citizenship between Plaintiff, a citizen of New Jersey, and the Bayer entities, citizens of New Jersey, subject matter jurisdiction under 28 U.S.C. § 1332(a) is unavailable.

the United States, as well as claims that necessarily depend on resolution of a substantial question of federal law, to both of which § 1331 applies.[3]  See Franchise Tax Bd., 1 463 U.S. at 2, cited *supra*.

For purposes of determining subject matter jurisdiction it is of no moment that Plaintiff does not specify the legal theory as to how Defendants violated "sections and subsections of the United States Code and the Code of Federal Regulations."  See Skinner v. Switzer, 562 U.S. 521, 530 (2011) ("[U]nder the Federal Rules of Civil Procedure, a complaint need not pin [a] claim for relief to a precise legal theory."), cited by Engers v. AT & T, Inc., 466 F. App'x 75, 79 (3d Cir. 2011); see also Allen v. New Jersey, 2016 WL 6824373, at *2 (D.N.J. 2016) ("Regarding Count Five, Plaintiffs allege violations of 'Federal and New Jersey Laws Against Discrimination.'  There is no general 'Federal Law Against Discrimination,' but the Court can assume the Plaintiffs meant to reference the federal equivalent of the New Jersey Law Against Discrimination (N.J.S.A. 10-5-12) or other federal laws.  Thus, Count Five, to the extent it refers to federal rather than state sources of law, arises under

---

[3] Because subject matter jurisdiction has been established under 28 U.S.C. § 1331, the Court does not need to determine whether subject matter jurisdiction may be premised on 28 U.S.C. § 1442(a).

8

the laws of the United States and can serve as the basis for removal."); Fuller v. Jones, 2015 WL 868712, at *2 (W.D. La. 2015) (where the plaintiff alleged in his complaint that "the defendants' actions individually and/or in concert caused the civil rights and/or constitutional rights of the petitioner to be violated as well as the violation of Louisiana state laws," and where the plaintiff did not identify a specific federal constitutional provision that was violated, finding that a federal question appeared on the face of the plaintiff's complaint because (1) the plaintiff differentiated "the violation of Louisiana state laws" from "civil rights and/or constitutional rights," which showed that the plaintiff asserted violations of his rights under the Constitution and laws of the United States, and (2) the plaintiff's reference to the violation of his federal rights, when fairly read in conjunction with the remainder of his petition, facially stated a claim under 42 U.S.C. § 1983); Nelson v. Target Corporation, 2019 WL 2176682, at *2 (E.D. Pa. 2019) ("[A]lthough Plaintiff's Complaint does not refer to any statute or legal cause of action, it raises claims of retaliation and disparate treatment/failure to accommodate in employment on the basis of race, religion, and national origin and thereby appears to invoke the protections of Title VII of the Civil Rights Act of 1964," which provides subject matter jurisdiction under § 1331);

9

cf. Miller-Dixon v. Fannie Mae, 2019 WL 1453059, at *2 (D.N.J. 2019) ("Aside from a check in the box on the [civil complaint] cover sheet for 'federal question,' this complaint and all other filings on the docket cite no federal statute and do not so much as refer to any federal cause of action. Federal question jurisdiction is therefore lacking.").

Under the well-pleaded complaint rule, Plaintiff's allegation that Defendants' actions taken in concert with a federal agency violate federal law and federal regulations readily establishes that Plaintiff's complaint arises under federal law.[4] To hold otherwise would require the Court to ignore Plaintiff's express averment that Defendants' actions violate federal law.

For a similar example, in City of Newark ex rel. Municipal Council of the City of Newark v. Port Authority of New York and New Jersey, 1999 WL 33832526, at *4 (D.N.J. 1999), the Port Authority removed the City of Newark's state court complaint to federal court on the basis that the City's well-pleaded complaint raised an issue of federal law, thus conferring the

---

[4] In addition to specifically alleging that Defendants' actions violate federal law, "the relationship between a federal agency and the entity it regulates is inherently federal in character because the relationship originates from, is governed by, and terminates according to federal law." Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341, 347 (2001). Plaintiff alleges these types of interactions between the FDA and Defendants.

10

district court with subject matter jurisdiction under 28 U.S.C. 1331. The gist of the complaint was that the City "seeks to have this Court require the Port Authority, as holder of more than one third of all of the property within the City, to pay its fair share [of certain leases] and declare that the Port Authority is not entitled to all of the tax exemptions which it now enjoys." The City argued that all its claims arose under state law, and its case should be remanded.

The court denied the City's motion, explaining that within the City's common law breach of fiduciary claim were Plaintiff's references to the statutes which created the Port Authority through a bi-state compact. The court noted that the City based its breach of fiduciary duty claim directly on the compact, which although it is "a creature of state legislatures, it is federalized by virtue of congressional approval pursuant to the Compact Clause of the Constitution, art. I, § 10, cl. 3." City of Newark, 1999 WL 33832516, at *3-4 (quoting Waterfront Comm'n of New York Harbor v. Elizabeth-Newark Shipping, Inc., 164 F.3d 177, 180 (3d Cir. 1998)). In denying the City's motion to remand, the court found:

> Plaintiffs argue that their fiduciary duty claim is a common law claim: "[t]he existence of such a duty is not dependent in any respect upon the bi-state Compact. On the contrary, under the common law, a fiduciary relationship is independently established whenever 'one party places trust or confidence in another who is in a dominant or superior position.'" However, the clear language of the Complaint

11

> belies this argument.
>
> Count VII, which alleges a breach of fiduciary duty, states that the Port Authority's fiduciary obligation is "rooted in its creation," and then quotes and cites the New Jersey statute which enacted the Compact into New Jersey law. This language clearly indicates that plaintiffs have pled their claim for breach of fiduciary duty as arising under the Compact, which is federal law. Under the well-pleaded Complaint rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. While a plaintiff may "avoid federal jurisdiction by exclusive reliance on state law," plaintiffs do not, on the face of this Complaint, rely exclusively on state law.
>
> Therefore, the Court rejects plaintiffs' argument that the "[C]ity has not alleged a cause of action arising directly under the Compact." Accordingly, removal of this claim was proper under § 1441(b).

Id. at *4.

As in City of Newark, Plaintiff here does not rely exclusively on state law on the face of her complaint. Instead, as noted above, Plaintiff explicitly claims that Defendants, in concert with the FDA, "have or may have failed to comply with all federal standards and requirements applicable to the sale of GBCAs including, but not limited to, violations of various sections and subsections of the United States Code and the Code of Federal Regulations." (Pl. Compl., Docket No. 1 at 38, ¶ 126.)

Moreover, Plaintiff's allegations concerning the collusion between the FDA and the GBCA industry for failing to provide proper warnings of the dangers of GBCAs give rise to Plaintiff's

claims against Defendants, which claims plainly depend on the resolution of a substantial question of federal law, even if Plaintiff herself had not expressly stated that such actions violate federal law. See, e.g., Wyeth v. Levine, 555 U.S. 555, 567 (2009) (explaining that in 2007, Congress amended the Federal Food, Drug, and Cosmetic Act ("FDCA") to grant, for the first time, "the FDA statutory authority to require a manufacturer to change its drug label based on safety information that becomes available after a drug's initial approval"); see also Allen, 2016 WL 6824373, at *2 (in consideration of the plaintiffs' motion to remand, finding that count four in plaintiffs' complaint, which referenced the Americans with Disabilities Act, did not constitute a federal cause of action because one plaintiff, as a state employee, could not sue his state employer for violating ADA rules, but finding that the plaintiff's right to relief necessarily depended on an analysis of the ADA, which was sufficient to find that the case arose under federal law within the meaning of § 1331, especially considering that "Plaintiffs themselves note that the ADA will provide 'guidance' in the court's analysis"). Plaintiff's claims based on state law may supplement, but they do not erase, Plaintiff's allegations regarding Defendants' federal law violations.

    Consequently, subject matter jurisdiction is properly

13

exercised by this Court under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Plaintiff's motion to remand must be denied.

An appropriate Order will be entered.


Date: April 21, 2020          s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.