UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

───────────────────────────

KIMBERLY GREMO,

             Plaintiff,

      v.

BAYER CORPORATION, BAYER
HEALTHCARE LLC, BAYER
HEALTHCARE PHARMACEUTICALS,
INC., GE HEALTHCARE, INC.,
GENERAL ELECTRIC COMPANY,
MALLINCKRODT, INC.,
MALLINCKRODT LLC, GUERBERT
LLC, LIEBEL-FLARSHEIM COMPANY
LLC, AMERISOURCE BERGEN
CORPORATION, AMERISOURCE
BERGEN DRUG CORPORATION,

             Defendants.

───────────────────────────

1:19-cv-13432-NLH-AMD

**MEMORANDUM
OPINION & ORDER**

**APPEARANCES:**

KIMBERLY GREMO
5 CINDY LANE
MARMORA, NJ 08223

    *Plaintiff appearing pro se*

JENNIFER GREENBLATT, *pro hac vice*
EDWARD DUMOULIN, *pro hac vice*
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
564 W. RANDOLPH ST., STE. 400
CHICAGO, IL 60661

WILFRED P. CORONATO
MCCARTER & ENGLISH LLP
FOUR GATEWAY CENTER 100 MULBERRY ST.
NEWARK, NJ 07102

    *On behalf of Defendants Bayer Corporation, Bayer HealthCare*
    *LLC, and Bayer HealthCare Pharmaceuticals Inc.*

STEPHEN G. TRAFLET
DEBRA M. ALBANESE
TRAFLET & FABIAN
264 SOUTH STREET
MORRISTOWN, NJ 07960

MICHAEL L. O'DONNELL, *pro hac vice*
JEREMY A. MOSELEY, *pro hac vice*
WHEELER TRIGG O'DONNELL LLP
370 SEVENTEENTH STREET, #4500
DENVER, COLORADO 80202

    *On behalf of Defendants GE Healthcare Inc. and General*
    *Electric Company*

ERIN (LOUCKS) LEFFLER
SHOOK, HARDY & BACON L.L.P.
TWO COMMERCE SQUARE
2001 MARKET STREET, SUITE 3000
PHILADELPHIA, PA 19103

DEVIN K. ROSS, *pro hac vice*
ROBERT T. ADAMS, *pro hac vice*
SHOOK, HARDY & BACON L.L.P.
2555 GRAND BOULEVARD
KANSAS CITY, MO 64108

    *On behalf of Defendants Mallinckrodt, Inc., Mallinckrodt*
    *LLC, Amerisource Bergen Corporation, and Amerisource Bergen*
    *Drug Corporation*

JAMIE L. KENDALL
BRAD M. WELSH
ALEXANDRA H. SCHULZ
KENDALL LAW PC
308 E. LANCASTER AVENUE, SUITE 315
WYNNEWOOD, PENNSYLVANIA 19096

BRIAN W. SHAFFER
MORGAN LEWIS & BOCKIUS LLP
1701 MARKET STREET
PHILADELPHIA, PENNSYLVANIA 19103-2921

    *On behalf of Defendants Guerbet LLC and Liebel-Flarsheim*
    *Company, LLC*

**HILLMAN**, District Judge

WHEREAS, this matter concerns FDA-approved gadolinium-based contrast agents ("GBCAs") administered intravenously by medical professionals to enhance the quality of magnetic resonance imaging ("MRI"); and

WHEREAS, Plaintiff, Kimberly Gremo, claims that Defendants' GBCAs caused her "gadolinium toxicity, or Gadolinium Deposition Disease (GDD), as characterized by a multitude of symptoms," including "skin issues including rashes," "teeth issues including darkened teeth and spots," "brain fog and memory loss," and "loss of smell"; and

WHEREAS, Plaintiff has asserted two counts for Defendants' alleged violations of New Jersey's Product Liability Act (PLA), N.J.S.A. 2A:58C-2: failure to warn (Count I) and defective design (Count II), and Plaintiff has also asserted a breach of express warranty claim against Defendants pursuant to N.J.S.A. 12A:2-313 (Count III);[1] and

---

[1] This Court exercises subject matter jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's other state law claims under 28 U.S.C. § 1367.  (See Docket No. 110 at 4-7, explaining that even though the three counts in Plaintiff's complaint assert claims based on state law, on the face of Plaintiff's complaint, over which she is the "master," she has also raised claims arising under the laws of the United States, as well as claims that necessarily depend on resolution of a substantial question of federal law, to both of which § 1331 applies.)

WHEREAS, when Plaintiff filed her complaint she was represented by counsel, but on November 16, 2020, Plaintiff's counsel's motion to withdraw their representation of Plaintiff was granted (Docket No. 138); and

WHEREAS, since that time, Plaintiff entered her appearance *pro se*, and subsequently represented to the Court that she has been unsuccessful in her efforts to secure new counsel; and

WHEREAS, on March 4, 2021, Plaintiff's motion for the appointment of pro bono counsel was denied without prejudice by Judge Ann Marie Donio, U.S.M.J., with Judge Donio directing that "if counsel does not enter an appearance on Plaintiff's behalf by April 5, 2021, Plaintiff may file an application to proceed *in forma pauperis* and, in the event such application is granted, [Plaintiff] may then file a renewed motion for the appointment of counsel, addressing the factors set forth in Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)" (Docket No. 149); and

WHEREAS, on April 5, 2021, Plaintiff filed an IFP application (Docket No. 153); and

WHEREAS, the Court notes that pursuant to 28 U.S.C. § 1915, which refers to "prisoners" but federal courts apply § 1915 to non-prisoner IFP applications, see Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to

4

prisoners.") (other citations omitted)), a court may:

- "[A]uthorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees";

- "Direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case . . . ; and (3) printing the record on appeal if such printing is required by the appellate court . . .";

- Direct that the "officers of the court shall issue and serve all process, and perform all duties in such cases"; and

- "The court may request an attorney to represent any person unable to afford counsel"; and

WHEREAS, the Court has reviewed Plaintiff's IFP application and finds that she meets the requirements to obtain the benefits afforded by § 1915;

THEREFORE,

IT IS on this ____9th____ day of ___April___, 2021

ORDERED that Plaintiff's application to proceed *in forma*

*pauperis* [153] be, and the same hereby is, GRANTED.[2]

s/ Noel L. Hillman

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[2] This Court does not opine on whether any second motion by Plaintiff for the appointment of counsel should be granted or denied.