**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KIMBERLY GREMO, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | Civil Action |
| v. | No. 19-13432 (KMW-AMD) |
| BAYER CORPORATION, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**THIS MATTER** comes before the Court *sua sponte* due to Plaintiff Kimberly Gremo's ("Plaintiff") failure to prosecute her case. For the reasons set forth below, the Court dismisses Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**I.   BACKGROUND**

The protracted background of this case is set forth in Judge Donio's Order dated January 18, 2024. (*See* Order dated Jan. 18, 2024 at 2-5, ECF No. 263.) The Court recounts herein only those facts relevant to the instant motion. Plaintiff commenced this action in the Superior Court of New Jersey, Law Division, Atlantic County on April 24, 2019 by filing a complaint, through counsel, in which she alleges that her exposure to a gadolinium-based contrast agent purportedly "used to enhance the quality of magnetic resonance imaging" caused Plaintiff to experience "gadolinium toxicity, or Gadolinium Deposition Disease[.]" (*See* Notice of Removal, ¶¶ 3-4, ECF No. 1.) (internal quotations omitted). Plaintiff alleged that Defendants Bayer Corporation, Bayer HealthCare LLC, Bayer Healthcare Pharmaceuticals, Inc., GE HealthCare Inc., General Electric Company, Guerbet LLC, Liebel-Flarsheim Company, LLC, AmerisourceBergen Corporation, and AmerisourceBergen Drug Corporation (collectively, "Defendants") failed to warn her of the

dangers of the gadolinium-based contrast agent through proper product labeling. (*Id.*) Defendants removed the action to this Court on June 5, 2019. (*Id.*) Thereafter, Plaintiff filed an Amended Complaint and following dispositive motion practice, discovery ensued. (ECF No. 121.) On October 16, 2020, Plaintiff's counsel sought leave to withdraw as counsel, which this Court granted. (ECF No. 138.) Plaintiff then proceeded to litigate her case *pro se* for approximately one year. (ECF No. 263 at 2.)

On May 27, 2021, the Court issued a Scheduling Order setting November 30, 2021 as the fact discovery end date and providing that Plaintiff's expert reports and disclosures shall be served by December 30, 2021. (ECF No. 163.) Thereafter, Plaintiff's deposition was adjourned several times—and discovery was extended—due to Plaintiff's health condition, as Plaintiff "became very acutely ill." (ECF No. 188 at 2-3.) On January 7, 2022, new counsel entered an appearance on behalf of Plaintiff. (ECF No. 186.) The Court administratively terminated this action on April 26, 2022, to determine whether it was necessary to appoint a guardian *ad litem*. (ECF No. 206.) Nearly one year later, on March 23, 2023, Plaintiff's counsel submitted a letter indicating that Plaintiff does not require appointment of a guardian *ad litem*. (ECF No. 230.) Thus, the Court reopened the matter on March 7, 2023. (ECF No. 231.)

The Court entered an Amended Scheduling Order, on March 29, 2023, which extended the time for fact discovery to August 31, 2023, and Plaintiff's time to serve expert reports and expert disclosures was extended to September 29, 2023. (ECF No. 235.) On June 20, 2023, the Court entered another Amended Scheduling Order that again extended the deadline to complete fact discovery, and provided that Plaintiff was to serve all expert reports and expert disclosures no later than October 30, 2023. (ECF No. 243.) The Amended Scheduling Order stated that the schedule

would not be extended unless good cause is shown, and the request is made before the expiration of the period sought to be extended. (*Id.* at 3.)

On November 14, 2023, following Plaintiff's failure to serve any expert disclosures, Defendants submitted a letter requesting the Court stay the deadline for their expert disclosures so that they could file a motion for summary judgment based on Plaintiff's failure to obtain an expert. (ECF No. 257.) Plaintiff disregarded the Court's directive to respond to Defendants' letter. (*See* ECF No. 259.) On November 30, 2023, the Court granted Defendants' request to stay the expert disclosure deadlines pending their motions for summary judgment. (ECF No. 260.)

Then, on December 6, 2023, Plaintiff submitted a motion for extension of time to complete discovery, which Defendants opposed. (ECF Nos. 261, 262.) The Court denied Plaintiff's motion without prejudice, finding that Plaintiff's neglect in failing to earlier request extensions was inexcusable and Plaintiff failed to establish good cause to merit an extension. (ECF No. 263.) On January 31, 2024, Plaintiff again moved for an extension of time to complete discovery, which Defendants opposed. (ECF Nos. 264, 265.) On June 26, 2024, the Court again denied Plaintiff's motion on the same grounds. (ECF No. 270.) Defendants thereafter filed Motions for Summary Judgment (ECF Nos. 272, 273), which Plaintiff has not opposed.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action *sua sponte* when a plaintiff fails to prosecute his case or comply with the court rules or a court order. Fed. R. Civ. P. 41(b). Local Civil Rule 41.1(a) similarly provides that the Court must *sua sponte* dismiss a case that has been pending for more than 90 days without any proceedings. L.Civ.R. 41.1(a). Generally, when deciding whether to dismiss a case for a plaintiff's failure to prosecute, the Court must consider the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747

3

F.2d 863, 868 (3d Cir. 1984). These factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.* at 868.

The Court notes that "when a litigant's conduct makes adjudication of the case impossible, [a] balancing under *Poulis* is unnecessary." *McLaren v. N.J. Dept. of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012); *see also Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994). In this case, filed in 2019, Plaintiff has claimed she was incompetent to testify at her deposition (ECF No. 204), resulting in the administrative termination of the case on April 26, 2022. (ECF No. 206.) Nearly one year later, on March 6, 2023, Plaintiff moved to reopen the case on the basis that she was competent to proceed. (ECF No. 230.) This Court granted Plaintiff's request to reopen the case. (ECF No. 231.) On June 6, 2023, the Court ordered the parties to advise it, no later than June 16, 2023, as to whether they reached an agreement on Plaintiff's request to extend discovery. (ECF No. 239.) Neither party so advised the Court within the time proscribed. Rather, it was not until December 6, 2023, that Plaintiff submitted a motion for extension of time to complete discovery. (ECF No. 261.) The Court denied Plaintiff's motion without prejudice, finding that Plaintiff's neglect in failing to earlier request extensions was inexcusable and Plaintiff failed to establish good cause to merit an extension. (ECF No. 263.) On January 31, 2024, Plaintiff again moved for an extension of time to complete discovery. (ECF No. 264.) On June 26, 2024, the Court again denied Plaintiff's motion on the same grounds. (ECF No. 270.) Plaintiff has not participated in this action since the Court's last decision. In fact, Plaintiff has not submitted any filings to the Court in the last year and no proceedings have been conducted within that time. Thus, Plaintiff's own conduct

has made adjudication of this case impossible and, on this basis alone, warrants dismissal of the action.

Additionally, the Court finds that the *Poulis* factors support dismissal of Plaintiff's Complaint at this time as Plaintiff has failed to comply with several of the Court's orders and directives and has failed to prosecute her case.

The Court specifically finds that the first *Poulis* factor, Plaintiff's personal responsibility, weighs in favor of dismissal. As recounted in the Court's prior Orders, Plaintiff has repeatedly failed to advance her case within the time allotted by the Federal Rules of Civil Procedure and this Court's Orders. Moreover, Plaintiff has repeatedly disregarded this Court's scheduling Orders and directives to respond. (*See* ECF Nos. 163, 235, 257, 259.) Furthermore, Plaintiff's inexcusable neglect in failing to request timely extensions has resulted in the close of discovery without having retained an expert and providing a report within the several years she could have done so. (ECF Nos. 263, 270). Thus, Plaintiff is squarely responsible for her failure to move her case forward.

The Court also finds that the prejudice to Defendants—the second *Poulis* factor—caused by Plaintiff's failure to prosecute this action weighs in favor of dismissal. "Evidence of prejudice to an adversary 'would bear substantial weight in support of a dismissal[.]'" *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994) (internal citation omitted). "Prejudice is not limited to irreparable harm but may include depriving a party of necessary information or the ability to prepare for trial." *Snipes v. Passaic Cnty.*, No. 21-14149, 2022 WL 17490586, at *4 (D.N.J. Sept. 28, 2022), *report and recommendation adopted*, No. 21-14149, 2022 WL 17490539 (D.N.J. Dec. 7, 2022). "Some examples of prejudice include, 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Id.* (quoting *Adams v.*

5

*Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994); *see also Eady v. TapFury LLC*, No. 17-13483, 2022 WL 19830582, at *2 (D.N.J. Aug. 1, 2022) (finding prejudice where case was five years old and the plaintiff had a history of delaying proceedings and failing to comply with court procedures); *Payne El-Bay v. Amazon, LLC*, No. 20-14701, 2023 WL 3945842, at *2 (D.N.J. June 12, 2023) (findings that unexplained "delays and failures to follow Court procedures prejudice [the non-moving party]" where there is a pattern of delay.").

This case has been pending for nearly six years. As previously noted, Plaintiff has overtly disregarded this Court's scheduling Order, Amended Scheduling Order, Defendants' conferral emails, and this Court's subsequent order to respond. (*See* ECF Nos. 163, 235, 257, 259). Furthermore, as a result of Plaintiffs' failure to comply with court procedures and multiple untimely requests for extension, Defendants have repeatedly had to expend resources to oppose Plaintiffs' requests for extensions and to contact Plaintiff and her counsel in an effort to resolve the ongoing delays. (ECF Nos. 262, 265). Courts in this district have found that prejudice is established where, as here, "'Defendant[s] ha[ve] . . . been deprived of anything resembling a speedy resolution of this matter' due to plaintiff's drawn-out preparation efforts and refusal to attend hearings and trial." *Clauso v. Martinelli*, No. 18-12217, 2024 WL 5202360, at *4 (D.N.J. Dec. 23, 2024); *see Meleika v. Hudson Cnty. Corr. Ctr.*, Case No. 17–01960, 2022 WL 18776096, at *3 (D.N.J. Mar. 31, 2022), *report and recommendation adopted*, 2022 WL 18776080 (D.N.J. Apr. 29, 2022) (finding the second *Poulis* factor met after five years of litigation due to the plaintiff's ongoing violation of discovery orders and failure to attend conferences).

The third *Poulis* factor also weighs in favor of dismissal given Plaintiff's demonstrated history of dilatoriness. As previously discussed, Plaintiff demonstrated inexcusable neglect in her failure to request timely extensions and advance her case within the ample time that Plaintiff was

6

afforded to do so. Moreover, Plaintiff has missed Court appearances and failed to apprise the Court of status updates as directed. Plaintiff's repeated failure to litigate her action within the deadlines set forth by the Federal Rules of Civil Procedure and this Court's scheduling orders demonstrates her history of dilatoriness.

Similarly, the Court finds that the fourth *Poulis* factor, regarding the willfulness of the conduct at issue, also weighs toward dismissal. "[W]here the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purposes of the fourth *Poulis* factor.'" *Hunt–Ruble v. Lord, Worrell & Richter, Inc.*, No. Civ. A. 10–4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (quoting *Martino v. Solaris Health Sys. Corp.*, No. Civ. A. 04–6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)). Here, Plaintiff's lack of court-ordered participation demonstrates that she is unable or unwilling to undertake the obligations of her lawsuit.

The fifth *Poulis* factor likewise militates in favor of dismissal. Currently pending before the Court is Defendants' Motion for Summary Judgment, which Plaintiff has not opposed. Because Plaintiff has not opposed the motion, Fed. R. Civ. P. 56(e) permits the Court to deem Defendants' Statement of Undisputed Material Facts as uncontested, grant summary judgment, or issue any other order this Court deems appropriate. By failing to prosecute her action for a year and ignoring a pending motion for summary judgment, Plaintiff has signaled her disinterest or inability to advance this action. Conversely, Defendants are entitled to a resolution of this protracted litigation, and it would be unfair for this Court to further delay resolution on the basis that an alternative sanction and extension of time for Plaintiff to oppose Defendants' dispositive motions would be appropriate. Based on the foregoing facts, the Court finds that no lesser sanction would be effective.

Finally, the sixth *Poulis* factor appears to weigh in favor of dismissal. "[P]ursuant to New Jersey law, in a case involving the adequacy of a prescription medication's label and warnings, expert testimony is necessary for Plaintiff to prove [her] case." *Nelson v. Biogen Idec, Inc.*, No. 12-7317, 2018 WL 1960441, at *12 (D.N.J. Apr. 26, 2018); *see also Grobelny v. Baxter Healthcare Corp.*, 341 Fed. App'x 803, 807 (3d Cir. 2009) (noting the court "perceive[d] no error" in the district court's ruling that expert testimony was required to prove plaintiff's claim for failure to warn of adverse reactions); *Rutigliano v. Valley Bus. Forms*, 929 F. Supp. 779, 783 (D.N.J. 1996) ("If plaintiff's expert opinion evidence regarding causation is inadmissible or insufficient to sustain a jury verdict in her favor, summary judgment must be granted to defendants."), *aff'd sub nom. Valley Bus. Forms v. Graphic Fine Color, Inc.*, 118 F.3d 1577 (3d Cir. 1997).

Here, because Plaintiff has failed to retain an expert witness to support her claims within the time allotted by the Federal Rules of Civil Procedure and this Court's multiple Orders, Plaintiff cannot prevail on her claim as a matter of law. *See Nelson*, 2018 WL 1960441, at *12; *Grobelny*, 341 Fed. App'x at 807. Moreover, because Plaintiff has not opposed Defendants' pending Motion for Summary Judgment, this Court may deem Defendants' proposed Statement of Undisputed Material Facts as uncontested and grant summary judgment as a matter of law to Defendants. *See* Fed. R. Civ. P. 56(e). Accordingly, the final *Poulis* factor weighs in favor of dismissal.

### III. <u>CONCLUSION</u>

As all of the *Poulis* factors weigh in favor of dismissal, the Court finds good cause to dismiss the matter pursuant to Federal Rule of Civil Procedure 41(b). An order consistent with this Memorandum Opinion will be entered.

Dated: February /3, 2025

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

8